UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. **00-6088**

18 U.S.C. 1962
18 U.S.C. 1963
18 U.S.C. 1955
18 U.S.C. 1956
18 U.S.C. 1951
18 U.S.C. 894
18 U.S.C. 659
18 U.S.C. 371
18 U.S.C. 2

**CR - UNGARO - BENAGES**

MAGISTRATE JUDGE
BROWN

UNITED STATES OF AMERICA,            )
                                     )
                   Plaintiff,        )
                                     )
v.                                   )
                                     )
MARCO MINUTO                         )
     a/k/a "The Big Guy"             )
NICOLO MARIANI,                      )
JOSEPH MINUTO,                       )
MARCELLO GRASSO                      )
     a/k/a "J.J."                    )
ALEX TORRENTE,                       )
     a/k/a "Porky"                   )
     a/k/a "Neck"                    )
CHRIS GRECO,                         )
JULIO PEREZ,                         )
ANGEL HERNANDEZ, and                 )
     a/k/a "Junior"                  )
JORGE RAVELO                         )
                                     )
                   Defendants.       )
_____)

The Grand Jury charges that:

## COUNT 1

### THE ENTERPRISE

1.     From in or about 1992, to the date of the return of

this indictment, in the Southern District of Florida, Broward

County, and elsewhere, defendants, MARCO MINUTO, MARCELLO GRASSO,

NICOLO MARIANI, JOSEPH MINUTO, ALEX TORRENTE, CHRIS GRECO, JULIO
PEREZ, ANGEL HERNANDEZ, JORGE RAVELO, and other persons known and
unknown to the Grand Jury, constituted an enterprise within the
meaning of Title 18, United States Code, Section 1961(4), that
is, a group of individuals associated in fact who engaged in the
various criminal activities set forth below.

## THE CONSPIRACY

2.   From in or about 1992, the exact date being unknown to
the Grand Jury, and continuing thereafter up to and including the
date of the return of the indictment, in the Southern District of
Florida, Broward County, and elsewhere, the defendants,

> MARCO MINUTO,
> NICOLO MARIANI,
> JOSEPH MINUTO,
> MARCELLO GRASSO
> ALEX TORRENTE,
> CHRIS GRECO,
> JULIO PEREZ,
> ANGEL HERNANDEZ, and
> JORGE RAVELO,

together with others being employed by and associated with the
Enterprise, which enterprise engaged in, and the activities of
which affected interstate and foreign commerce, did knowingly and
unlawfully combine, conspire, confederate, and agree together,
and with each other, and with persons known and unknown to the
Grand Jury, to violate Title 18, United States Code, Section
1962(c), that is, to conduct and participate, directly and
indirectly, in the conduct of the affairs of such enterprise

2

through a pattern of racketeering activity as defined by Title 18, United States Code, Sections 1961(1) and (5) and through the collection of unlawful debt as defined by Title 18, United States Code, Section 1961(6).

PATTERN OF RACKETEERING ACTIVITY

3.    The racketeering activity that the defendants agreed would be committed in the conduct of the affairs of the enterprise consisted of multiple acts involving violations of the following laws:

A.    Conducting, financing, managing, supervising and directing illegal gambling businesses, in violation of and indictable under, Title 18, United States Code, Section 1955;

B.    Money Laundering and conspiracy to do so in violation of and indictable under Title 18, United States Code, Section 1956;

C.    Collection of extensions of credit by extortionate means and conspiracy to do so in violation of and indictable under Title 18, United States Code, Section 894;

D.    Sale and receipt of stolen goods in violation of and indictable under Title 18, United States Code, Section 659;

E.    Bank Fraud in violation of and indictable under Title 18 United States Code, Section 1344.

F.    Fraud in connection with identification documents in violation of and indictable under Title 18, United States Code,

3

Section 1028;

G.    Mail Fraud in violation of and indictable under Title 18, United States Code, Section 1341.

H.    Transmission of wagering information in violation of and indictable under Title 18, United States Code, Section 1084.

I.    Obstruction of Justice in violation of and indictable under Title 18, United States Code, Section 1503.

J.    Interference with Commerce by extortion and conspiracy to do so in violation of and indictable under Title 18, United States Code, Section 1951.

COLLECTION OF UNLAWFUL DEBT

4.    The collection of unlawful debts through which the defendants and their coconspirators agreed to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise consisted of the collection from various individuals of unlawful gambling debts that were incurred or contracted in gambling activity which were incurred in connection with the business of gambling, all in violation of the laws of the United States and the State of Florida.

MANNER AND MEANS OF THE CONSPIRACY

5.    It was part of the conspiracy that defendant MARCO MINUTO would organize a criminal enterprise that would operate in South Florida, New York, and elsewhere, which enterprise would engage in various criminal activities, including extortion,

4

illegal gambling, the theft of goods, money laundering, fraud, counterfeiting, and obstruction of justice, among other crimes.

6. It was further a part of the conspiracy that each defendant agreed that a conspirator would commit at least two racketeering acts in conducting the affairs of the enterprise or participate in the collection of at least one unlawful debt.

7. It was further a part of the conspiracy that defendant MARCO MINUTO would use his criminal association and reputation with the Luchese Organized Crime Family as a "soldier" to generate illegal income for members of the enterprise through the use of force, violence and threats.

8. It was further part of the conspiracy that defendant MARCO MINUTO would direct defendant NICOLO MARIANI and others to collect gambling debts by threatening debtors with acts of violence or by physically harming them in order to collect the debts.

9. It was further part of the conspiracy that MARCO MINUTO and other conspirators would seek to launder funds generated from the illegal activities of the enterprise through various legitimate business in South Florida and elsewhere.

10. It was further part of the conspiracy that defendants JOSEPH MINUTO, CHRIS GRECO, and other conspirators would assist in the operation of a New York bookmaking office that was part of the enterprise.

11.    It was further part of the conspiracy that the New York bookmaking office would engage in bookmaking activities with bettors located throughout the United States for the benefit of the enterprise.

12.    It was further a part of the conspiracy that defendant MARCELLO GRASSO would, among other things, manage bookmakers located in South Florida and recruit bettors on behalf of the enterprise as directed by MARCO MINUTO and others.

13.    It was further part of the conspiracy that defendant ALEX TORRENTE would operate a substantial bookmaking operation in South Florida that supported the New York bookmaking operation for the benefit of the enterprise.

14.    It was further part of the conspiracy that defendants MARCELLO GRASSO, ALEX TORRENTE and other co-conspirators would use code names in telephone conversations in order to avoid detection of their criminal activity by law enforcement.

15.    It was further part of the conspiracy that defendant ALEX TORRENTE and other coconspirators would convince losing bettors to steal property in order to satisfy gambling debts incurred with the enterprise.

16.    It was further part of the conspiracy that defendant JULIO PEREZ, who was an employee of Federal Express Corporation and a heavy bettor, would steal shipments from Federal Express Corporation in order to satisfy his illegal gambling debts and

6

benefit the enterprise.

17.  It was further part of the conspiracy that defendants ANGEL HERNANDEZ, JORGE RAVELO and other coconspirators would assist defendant JULIO PEREZ in stealing merchandise from Federal Express Corporation for their own gain and the benefit of the enterprise.

18.  It was further part of the conspiracy that defendants ALEX TORRENTE, JULIO PEREZ, ANGEL HERNANDEZ, JORGE RAVELO and other coconspirators would participate in stealing from Federal Express Corporation approximately $1,000,000 in goods and merchandise that were shipped in interstate commerce for the benefit of the enterprise.

19.  It was further part of the conspiracy that defendant NICOLO MARIANI and other co-conspirators would participate in selling property stolen from other interstate shipments for the benefit of the enterprise.

20.  It was further part of the conspiracy that defendants MARCO MINUTO, NICOLO MARIANI and other coconspirators would use counterfeit checks in order to obtain money and property from various victims for the benefit of the enterprise.

21.  It was further part of the conspiracy that defendant NICOLO MARIANI and other conspirators would use fraudulent identification documents as a means to obtain money and property from various victims for the benefit of the enterprise.

7

22.   It was further part of the conspiracy that the conspirators would explore the possibility of forming strategic alliances with members and associates of other La Cosa Nostra families for their mutual and illegal benefit and profit.

23.   It was further part of the conspiracy that defendant NICOLO MARIANI and other conspirators would endeavor to obstruct justice by directing witnesses to testify falsely before a federal grand jury that was investigating the criminal activities of the enterprise.

24.   It was further part of the conspiracy that members of the enterprise would undertake all necessary means to prevent the detection by law enforcement officials of their criminal activities, including but not limited to making false statements to law enforcement officials and concealing assets owned by members of the enterprise.

All in violation of Title 18, United States Code, Section 1962(d).

## COUNT 2

1.   From in or about 1992, up to and including the date of the return of this indictment, in the Southern District of Florida and elsewhere, the defendants,

> MARCO MINUTO
> JOSEPH MINUTO,
> MARCELLO GRASSO and
> CHRIS GRECO,

8

did knowingly conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury to commit an offense against the United States, that is, to violate Title 18, United States Code, Section 1956(a)(1)(A)(i) and(B)(i).

<u>THE PURPOSE AND OBJECT OF THE CONSPIRACY</u>

2.    It was the purpose and object of the conspiracy to knowingly and willfully conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, knowing that the property involved represented some form of unlawful activity, that is the cashing of checks which involved the proceeds of specified unlawful activity, that is: an illegal gambling business in violation of Title 18, United States Code, Section 1955; and extortionate credit transactions in violation of Title 18, United States Code, Section 894; with the intent to promote the carrying on of said specified unlawful activities and knowing the transaction was designed, in whole and in part, and to conceal and disguise the nature, the source, the ownership and the control of the proceeds of the specified unlawful activities.

All in violation of Title 18, United States Code, Section 1956(h).

**COUNT 3**

1.    Beginning sometime in or about 1995, the exact date being unknown, and continuing to in or about 1996, in Dade County in the Southern District of Florida and elsewhere, the

defendants,

MARCO MINUTO
NICOLO MARIANI, and
MARCELLO GRASSO,

did knowingly and intentionally combine, conspire, confederate

and agree with each other and with other persons known and

unknown to the Grand jury to obstruct, delay, and affect

interstate and foreign commerce by extortion, that is, to obtain

property from the owner of Preferred Travel and Tickets, Inc.

induced by the wrongful use of actual and threatened force,

violence, and fear, in violation of Title 18, United States Code,

Section 1951.

## COUNT 4

1.    In or about 1996, in Dade County in the Southern

District of Florida and elsewhere, the defendants,

MARCO MINUTO
NICOLO MARIANI, and
MARCELLO GRASSO,

did knowingly and unlawfully obstruct, delay, and affect

interstate and foreign commerce by extortion, in that, the

defendants obtained the property from the owner of Preferred

Travel and Tickets Inc., induced by the defendants' wrongful use

of actual and threatened force, violence and fear.

All in violation of Title 18, United States Code, Sections

1951 and 2.

## COUNT 5

1.   From in or about 1994, and continuing thereafter up to and including the date of the return of this indictment, in the Southern District of Florida and elsewhere, the defendants,

MARCO MINUTO
NICOLO MARIANI,
JOSEPH MINUTO, and
MARCELLO GRASSO

did knowingly conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury to participate in the use of extortionate means to collect and attempt to collect extensions of credit as defined by Title 18, United States Code, Section 891 from numerous individuals in South Florida.

All in violation of Title 18, United States Code, Section 894.

## COUNT 6

1.   In or about 1996, in Dade County, in the Southern District of Florida, and elsewhere, the defendants,

MARCO MINUTO
NICOLO MARIANI, and
MARCELLO GRASSO,

did knowingly and participate in the use of extortionate means to collect and attempt to collect an extension of credit as defined by Title 18, United States Code, Section 891 from the owner of Preferred Travel and Tickets, Inc.

All in violation of Title 18, United States Code, Sections

11

894 and 2.

## COUNT 7

1.    From in or about 1996, and continuing thereafter up to
and including the date of the return of this indictment, in the
Southern District of Florida and elsewhere, defendants,

> MARCO MINUTO
> NICOLO MARIANI,
> JOSEPH MINUTO,
> ALEX TORRENTE,
> MARCELLO GRASSO, and
> CHRIS GRECO,

and other persons known and unknown to the Grand Jury, knowingly
conducted, financed, managed, supervised, directed, and owned all
and part of an illegal gambling business, specifically
bookmaking, which involved five or more persons in its operation,
financing, management, supervision, direction, and ownership, and
had a gross revenue of two thousand dollars ($2,000) or more on
one or more single days and was in substantially continuous
operation for a period in excess of thirty days, and which
bookmaking business operated in violation of Florida Revised
Statute Section 849.25

All in violation of Title 18, United States Code, Sections
1955 and 2.

## COUNT 8

1.    On or about October 24, 1997, in Dade County, in the
Southern District of Florida, the defendants,

> ALEX TORRENTE,

12

JULIO PEREZ,
ANGEL HERNANDEZ, and
JORGE RAVELO,

did knowingly, willfully, and with intent to convert to their own

use, steal, and unlawfully take, carry away, and conceal, from

Federal Express Corporation, goods and chattels of a value in

excess of one thousand dollars ($1,000), that is, cellular

telephones, which were a part of and constituted an interstate

shipment of property from Glendale, California to Miami, Florida;

in violation of Title 18, United States Code, Sections 659 and 2.

## COUNT 9

1.    On or about September 9, 1998,  in Dade County, in the

Southern District of Florida, the defendants,

ALEX TORRENTE,
JULIO PEREZ, and
MARCELLO GRASSO

did knowingly, willfully, and with intent to convert to their own

use, steal, and unlawfully take, carry away from Federal Express

Corporation, goods and chattels of a value in excess of one

thousand dollars ($1,000), that is, Wittnauer watches, which were

a part of and constituted an interstate shipment of property from

Miami, Florida to Cayey, Puerto Rico; in violation of Title 18,

United States Code, Sections 659 and 2.

## FORFEITURE SECTION

1) Count 1 of this indictment, as set forth above, is

realleged and expressly incorporated by reference herein for the

13

purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 1963.

Defendant MARCO MINUTO: 1) has acquired and maintained interests in violation of Title 18, United States Code, Section 1962; 2) has an interest in, security of, claim against, and property and contractual rights affording the defendant a source of influence over, the enterprise, which the defendant established, operated, controlled, conducted and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; 3) has property constituting, or derived from, proceeds which MARCO MINUTO obtained directly and indirectly from racketeering activity and the collection of unlawful debt in violation of Title 18, United States Code, Section 1962, making all such aforementioned interests and title and ownership subject to forfeiture to the United States of America pursuant to Title 18, United States Code, Section 1963(a)(1-3).

Such forfeiture shall include all property, real and personal, tangible and intangible, including but not limited to all interest in the following:

A.  A condominium Unit located at 500 S. Ocean Blvd., Number 1608, Boca Raton, Florida, Platbook 2375, Platpage 1257 with a recorded owner of Nyline A. Greco; and,

B. Approximately $1,000,000 in illegal revenue generated form the criminal operations of the enterprise as set forth

14

above.

2) If any of the above described forfeitable property, as a result of any act and omission of a defendant and/or the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred to, sold to, or deposited with a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value;

(f) has been commingled with other property which cannot be subdivided;

It is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m) to seek forfeiture of any other property of the defendant up to the value of the above described property.

A TRUE BILL

FOREPERSON

THOMAS E. SCOTT
UNITED STATES ATTORNEY

MICHAEL J. DITTOE
ASSISTANT UNITED STATES ATTORNEY

15

UNITED STATES DISTRICT COUR
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA          CASE NO. _____

v.                                **CERTIFICATE OF TRIAL ATTORNEY***

Marco Minuto, et al _____       **Superseding Case Information:**

**Court Division:** (Select One)    New Defendant(s)      Yes ___   No ___
                                    Number of New Defendants   ___
___ Miami  ___ Key West            Total number of counts     ___
x__ FTL   ___ WPB ___ FTP

   I do hereby certify that:

   1.   I have carefully considered the allegations of the indictment, the number of defendants,
        the number of probable witnesses and the legal complexities of the
        Indictment/Information attached hereto.

   2.   I am aware that the information supplied on this statement will be relied upon by the
        Judges of this Court in setting their calendars and scheduling criminal trials under the
        mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

   3.   Interpreter:        (Yes or No) No_____
        List language and/or dialect _____

   4.   This case will take _60_ days for the parties to try.

   5.   Please check appropriate category and type of offense listed below:
        (Check only one)                        (Check only one)

   I     0 to 5 days        _____    Petty     _____
   II    6 to 10 days       _____    Minor     _____
   III   11 to 20 days      _____    Misdem.   _____
   IV    21 to 60 days      __X__      Felony    __X__
   V     61 days and over   _____

   6.   Has this case been previously filed in this District Court?  (Yes or No) No__
        If yes:
        Judge: _____    Case No. _____
        (Attach copy of dispositive order)

        Has a complaint been filed in this matter?        (Yes or No) No_____
        If yes:
        Magistrate Case No. _____
        Related Miscellaneous numbers:_____
        Defendant(s) in federal custody as of_____
        Defendant(s) in state custody as of_____
        Rule 20 from the_____   District of _____

        Is this a potential death penalty case? (Yes or No)____No_____

   7.   Does this case originate from a matter pending in the U. S. Attorney's Office prior to
        April 1, 1999? _X_ Yes __ No    If yes, was it pending in the Central Region? _x_ Yes __ No

                          _____
                          MICHAEL J. DITTOE
                          ASSISTANT UNITED STATES ATTORNEY
                          COURT ID# A5500209

*Penalty Sheet(s) attached                                    REV.4/7/99

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name:  MARCO MINUTO, a/k/a "The Big Guy" No.:

Count #:1     18 U.S.C. 1962(d) - RICO CONSPIRACY

*Mandatory Minimum: 20 YEARS' AND UP TO A $250,000.00 FINE

Count #: 2     18 U.S.C. 1956 - MONEY LAUNDERING CONSPIRACY

*Mandatory Minimum: 20 YEARS' AND UP TO A $500,000.00 FINE

Count #: 3     18 U.S.C. 1951 - HOBBS ACT CONSPIRACY

*Mandatory Minimum: 20 YEARS' AND UP TO A $250,000.00 FINE

Count #:4     18 U.S.C. 1951 - HOBBS ACT SUBSTANTIVE

*Mandatory Minimum:20 YEARS' AND UP TO A $250,000.00 FINE

Count #:5     18 U.S.C. 894 - CONSPIRACY TO COLLECT DEBTS BY
              EXTORTIONATE MEANS

*Mandatory Minimum:20 YEARS' AND UP TO A $250,000.00 FINE

Count #:6     18 U.S.C. 894 - COLLECTION OF A DEBT BY EXTORTIONATE MEANS

*Mandatory Minimum:20 YEARS' AND UP TO A $250,000.00 FINE

Count #: 7     18 U.S.C 1955 - INTERSTATE GAMBLING BUSINESS

*Mandatory Minimum:5 YEARS' AND UP TO A $250,000.00 FINE

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: NICOLO MARIANI _____ No.: _____

Count #:1     18 U.S.C. 1962(d) - RICO CONSPIRACY

*Mandatory Minimum: 20 YEARS' AND UP TO A $250,000.00 FINE

Count #: 3     18 U.S.C. 1951 - HOBBS ACT CONSPIRACY

*Mandatory Minimum: 20 YEARS' AND UP TO A $250,000.00 FINE

Count #:4     18 U.S.C. 1951 - HOBBS ACT SUBSTANTIVE

*Mandatory Minimum: 20 YEARS' AND UP TO A $250,000.00 FINE

Count #:5     18 U.S.C. 894 - CONSPIRACY TO COLLECT DEBTS BY
              EXTORTIONATE MEANS

*Mandatory Minimum:20 YEARS' AND UP TO A $250,000.00 FINE

Count #:6     18 U.S.C. 894 - COLLECTION OF A DEBT BY EXTORTIONATE MEANS

*Mandatory Minimum:20 YEARS' AND UP TO A $250,000.00 FINE

Count #:7     18 U.S.C 1955 - INTERSTATE GAMBLING BUSINESS

*Mandatory Minimum:5 YEARS' AND UP TO A $250,000.00 FINE

Count #:

*Mandatory Minimum:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: JOSEPH MINUTO _____ No.: _____

Count #:1    18 U.S.C. 1962(d) - RICO CONSPIRACY

*Mandatory Minimum: 20 YEARS' AND UP TO A $250,000.00 FINE

Count #: 2    18 U.S.C. 1956 - MONEY LAUNDERING CONSPIRACY

*Mandatory Minimum: 20 YEARS' AND UP TO A $500,000.00 FINE

Count #:5    18 U.S.C. 894 - CONSPIRACY TO COLLECT DEBTS BY
             EXTORTIONATE MEANS

*Mandatory Minimum: 20 YEARS' AND UP TO A $250,000.00 FINE

Count #:7    18 U.S.C 1955 - INTERSTATE GAMBLING BUSINESS

*Mandatory Minimum:5 YEARS' AND UP TO A $250,000.00 FINE

Count #:

*Mandatory Minimum:

Count #:

*Mandatory Minimum:

Count #:

*Mandatory Minimum:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: MARCELLO GRASSO, a/k/a "J.J."   No.: _____

Count #:1     18 U.S.C. 1962(d) - RICO CONSPIRACY

*Mandatory Minimum: 20 YEARS' AND UP TO A $250,000.00 FINE

Count #: 2     18 U.S.C. 1956 - MONEY LAUNDERING CONSPIRACY

*Mandatory Minimum: 20 YEARS' AND UP TO A $500,000.00 FINE

Count #:3     18 U.S.C. 1951 - HOBBS ACT CONSPIRACY

*Mandatory Minimum: 20 YEARS' AND UP TO A $250,000.00 FINE

Count #:4     18 U.S.C 1951 - HOBBS ACT SUBSTANTIVE

*Mandatory Minimum: 20 YEARS' AND UP TO A $250,000.00 FINE

Count #:5     18 U.S.C. 894 - CONSPIRACY TO COLLECT DEBTS BY
              EXTORTIONATE MEANS

*Mandatory Minimum: 20 YEARS' AND UP TO A $250,00.00 FINE

Count #:6     18 U.S.C. 894 - COLLECTION OF A DEBT BY EXTORTIONATE MEANS

*Mandatory Minimum: 20 YEARS' AND UP TO A $250,000.00 FINE

Count #:7     18 U.S.C. 1955 - INTERSTATE GAMBLING BUSINESS

*Mandatory Minimum: 5 YEARS' AND UP TO A $250,000.00 FINE

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

Defendant's Name: MAR___ELLO GRASSO a/k/a "J.J."  No.: ___  _____
Count #:9    18 U.S.C. 659 - THEFT FROM INTERSTATE SHIPMENT

_____

**\*Mandatory Minimum: 10 YEARS' AND UP TO A $250,000.00 FINE**

_____

Count #:

_____

_____

\*Mandatory Minimum: _____
Count #:

_____

_____

\*Mandatory Minimum: _____
Count #:

_____

_____

\*Mandatory Minimum: _____
Count #:

_____

_____

\*Mandatory Minimum: _____
Count #

_____

_____

\*Mandatory Minimum: _____
Count #

_____

\*Mandatory Minimum: _____
Count #

_____

\*Mandatory Minimum: _____

**\*\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: ALEX TORRENTE, a/k/a "Porky," "Neck" No.:

Count #:1      18 U.S.C. 1962(d) - RICO CONSPIRACY

*Mandatory Minimum: 20 YEARS' AND UP TO A $250,000.00 FINE

Count #: 7      18 U.S.C. 1955 - INTERSTATE GAMBLING BUSINESS

*Mandatory Minimum: 5 YEARS' AND UP TO A $250,000.00 FINE

Count #:8      18 U.S.C. 659 - THEFT FROM INTERSTATE SHIPMENT

*Mandatory Minimum: 10 YEARS' AND UP TO A $250,000.00 FINE

Count #:9      18 U.S.C 659 - THEFT FROM INTERSTATE SHIPMENT

*Mandatory Minimum: 10 YEARS' AND UP TO A $250,000.00 FINE

Count #:

*Mandatory Minimum:

Count #:

*Mandatory Minimum:

Count #:

*Mandatory Minimum:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## <u>PENALTY SHEET</u>

Defendant's Name: <u>CHRIS GRECO</u> _____ No.: _____

Count #:1    18 U.S.C. 1962(d) - RICO CONSPIRACY

\*Mandatory Minimum: 20 YEARS' AND UP TO A $250,000.00 FINE

Count #: 2    18 U.S.C. 1956 - MONEY LAUNDERING CONSPIRACY

\*Mandatory Minimum: 20 YEARS' AND UP TO A $500,000.00 FINE

Count #:7    18 U.S.C. 1955 - INTERSTATE GAMBLING BUSINESS

\*Mandatory Minimum: 5 YEARS' AND UP TO A $250,000.00 FINE

Count #:

\*Mandatory Minimum:

Count #:

\*Mandatory Minimum:

Count #:

\*Mandatory Minimum:

Count #:

\*Mandatory Minimum:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## <u>PENALTY SHEET</u>

Defendant's Name: JULIO PEREZ _____ No.: _____

Count #:1    18 U.S.C. 1962(d) - RICO CONSPIRACY

_____

*Mandatory Minimum: 20 YEARS' AND UP TO A $250,000.00 FINE

_____

Count #: 8    18 U.S.C. 659 - THEFT FROM INTERSTATE SHIPMENT

_____

*Mandatory Minimum: 10 YEARS' AND UP TO A $250,000.00 FINE

_____

Count #:9    18 U.S.C. 659 - THEFT FROM INTERSTATE SHIPMENT

_____

*Mandatory Minimum: 10 YEARS' AND UP TO A $250,000.00 FINE

_____

Count #:

_____

_____

*Mandatory Minimum:

Count #:

_____

_____

*Mandatory Minimum:

Count #:

_____

_____

*Mandatory Minimum:

Count #:

_____

_____

*Mandatory Minimum:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: ANGEL HERNANDEZ, a/k/a "Junior" No.: _____

Count #:1    18 U.S.C. 1962(d) - RICO CONSPIRACY

*Mandatory Minimum: 20 YEARS' AND UP TO A $250,000.00 FINE

Count #: 8    18 U.S.C. 659 - THEFT FROM INTERSTATE SHIPMENT

*Mandatory Minimum: 10 YEARS' AND UP TO A $250,000.00 FINE

Count #:

*Mandatory Minimum:

Count #:

*Mandatory Minimum:

Count #:

*Mandatory Minimum:

Count #:

*Mandatory Minimum:

Count #:

*Mandatory Minimum:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: JORGE RAVELO _____ No.: _____

Count #:1      18 U.S.C. 1962(d) - RICO CONSPIRACY
_____

*Mandatory Minimum: 20 YEARS' AND UP TO A $250,000.00 FINE
_____

Count #: 8      18 U.S.C. 659 - THEFT FROM INTERSTATE SHIPMENT
_____

*Mandatory Minimum: 10 YEARS' AND UP TO A $250,000.00 FINE
_____

Count #: _____

_____

_____

*Mandatory Minimum: _____

Count #: _____

_____

_____

*Mandatory Minimum: _____

Count #: _____

_____

_____

*Mandatory Minimum: _____

Count #: _____

_____

_____

*Mandatory Minimum: _____

Count #: _____

_____

_____

*Mandatory Minimum: _____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96