nm

*00 - 6088 cr*
*UUE*

FILED by _____ D.C.
DKTG

MAY 2 6 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

CLOSED

U.S. District Court
District of New Jersey (Newark)

CRIMINAL DOCKET FOR CASE #: 00-M -6053-1

USA v. MINUTO, et al                                    Filed: 05/03/00
Case Assigned to:  Mag. Judge Ronald J. Hedges
Dkt# in other court: None

MARCO MINUTO                     BRIAN JOSEPH NEARY
     defendant                   [COR LD NTC ret]
                                 190 MOORE STREET
                                 HACKENSACK, NJ 07601
                                 201 488-0544


Pending Counts:

     NONE


Terminated Counts:

     NONE


Complaints:

     NONE


U. S. Attorneys:

     LESLIE FAYE SCHWARTZ
     [COR LD NTC]
     OFFICE OF THE US ATTORNEY
     970 BROAD STREET
     SUITE 700
     NEWARK, NJ 07102
     973-645-2700


Docket as of May 17, 2000 3:14 pm                      Page 1

Proceedings include all events.
2:00m 6053-1 USA v. MINUTO, et al

CLOSED

5/3/00    --    ARREST (Rule 40)of MARCO MINUTO, JOSEPH MINUTO, CHRIS GRECO
(nm) [Entry date 05/17/00]

5/3/00    1    Minutes of 5/3/00 before Mag. Judge Ronald J. Hedges as to
MARCO MINUTO, JOSEPH MINUTO, CHRIS GRECO, Initial
Appearance held. Detention Hearing set for 2:30 5/4/00 for
MARCO MINUTO. (Defendant informed of rights.)    (Court
Reporter/ESR: tape 00-21) (nm) [Entry date 05/17/00]

5/3/00    --    Waiver of Rule 40 hearings by MARCO MINUTO, JOSEPH MINUTO,
CHRIS GRECO, placed on the record. (Hedges) (nm)
[Entry date 05/17/00]

5/4/00    4    Minutes of 5/4/00 before Mag. Judge Ronald J. Hedges as to
MARCO MINUTO   (Court Reporter/ESR: tape 00-22) (nm)
[Entry date 05/17/00]

5/4/00    5    ORDER Setting Conditions of Release as to MARCO MINUTO
Bond set to $750,000 cash/surety bond secured through
property for MARCO MINUTO. ( Signed by Mag. Judge Ronald
J. Hedges  ) (nm) [Entry date 05/17/00]

5/4/00    --    BAIL/BOND executed by MARCO MINUTO in  Amount $ 750,000 (nm)
[Entry date 05/17/00]

```
                                                          CLOSED
                        U.S. District Court
                 District of New Jersey (Newark)

              CRIMINAL DOCKET FOR CASE #: 00-M -6053-2

USA v. MINUTO, et al                            Filed: 05/03/00
Case Assigned to:  Mag. Judge Ronald J. Hedges
Dkt# in other court: None

JOSEPH MINUTO                      WILLIAM M. HUNT
      defendant                    [COR LD NTC ret]
                                   WILLIAM J. HUNT & ASSOCIATES
                                   155 POLIFLY ROAD SUITE 200
                                   HACKENSACK, NJ 07601
                                   (201)457-9200


Pending Counts:

    NONE


Terminated Counts:

    NONE



Complaints:

    NONE


U. S. Attorneys:

    LESLIE FAYE SCHWARTZ
    [COR LD NTC]
    OFFICE OF THE US ATTORNEY
    970 BROAD STREET
    SUITE 700
    NEWARK, NJ 07102
    973-645-2700
```

```
Proceedings include all events.
2:00m 6053-2 USA v. MINUTO, et al
                                                        CLOSED
5/3/00    --      ARREST (Rule 40)of MARCO MINUTO, JOSEPH MINUTO, CHRIS GRECO
                  (nm) [Entry date 05/17/00]

5/3/00    1       Minutes of 5/3/00 before Mag. Judge Ronald J. Hedges as to
                  MARCO MINUTO, JOSEPH MINUTO, CHRIS GRECO, Initial
                  Appearance held. Detention Hearing set for 2:30 5/4/00 for
                  MARCO MINUTO. (Defendant informed of rights.)   (Court
                  Reporter/ESR: tape 00-21) (nm) [Entry date 05/17/00]

5/3/00    --      Waiver of Rule 40 hearings by MARCO MINUTO, JOSEPH MINUTO,
                  CHRIS GRECO, placed on the record. (Hedges) (nm)
                  [Entry date 05/17/00]

5/3/00    2       ORDER Setting Conditions of Release as to JOSEPH MINUTO
                  Bond set to $100,000 cash/surety secured through property
                  for JOSEPH MINUTO.  ( Signed by Mag. Judge Ronald J.
                  Hedges  ) (nm) [Entry date 05/17/00]

5/3/00    --      BAIL/BOND executed by JOSEPH MINUTO in  Amount $ 100,000 (nm)
                  [Entry date 05/17/00]

5/5/00    6       CONSENT ORDER as to JOSEPH MINUTO re:  travel restrictions
                  filed (Hedges) (nm) [Entry date 05/17/00]

5/8/00    7       CONSENT ORDER as to JOSEPH MINUTO re:  travel restrictions
                  filed (Hedges) (nm) [Entry date 05/17/00]
```

```
                                                         CLOSED
                    U.S. District Court
              District of New Jersey (Newark)

        CRIMINAL DOCKET FOR CASE #: 00-M -6053-3


USA v. MINUTO, et al                         Filed: 05/03/00
Case Assigned to:  Mag. Judge Ronald J. Hedges
Dkt# in other court: None

CHRIS GRECO                    JOHN J. FAHY
      defendant                [COR LD NTC ret]
                               Reed, Smith, Shaw & McClay, LLP
                               One Riverfront Plaza
                               Newark, NJ 07102-5400
                               973-621-3200


Pending Counts:

   NONE


Terminated Counts:

   NONE



Complaints:

   NONE


U. S. Attorneys:

   LESLIE FAYE SCHWARTZ
   [COR LD NTC]
   OFFICE OF THE US ATTORNEY
   970 BROAD STREET
   SUITE 700
   NEWARK, NJ 07102
   973-645-2700




Docket as of May 17, 2000 3:14 pm          Page 1
```

Proceedings include all events.
2:00m 6053-3 USA v. MINUTO, et al

                                                              CLOSED
5/3/00    --    ARREST (Rule 40)of MARCO MINUTO, JOSEPH MINUTO, CHRIS GRECO
                (nm) [Entry date 05/17/00]

5/3/00    1     Minutes of 5/3/00 before Mag. Judge Ronald J. Hedges as to
                MARCO MINUTO, JOSEPH MINUTO, CHRIS GRECO, Initial
                Appearance held. Detention Hearing set for 2:30 5/4/00 for
                MARCO MINUTO. (Defendant informed of rights.)    (Court
                Reporter/ESR: tape 00-21) (nm) [Entry date 05/17/00]

5/3/00    --    Waiver of Rule 40 hearings by MARCO MINUTO, JOSEPH MINUTO,
                CHRIS GRECO, placed on the record. (Hedges) (nm)
                [Entry date 05/17/00]

5/3/00    3     ORDER Setting Conditions of Release as to CHRIS GRECO
                Bond set to $100,000 cash/surety bond secured through
                property for CHRIS GRECO. ( Signed by Mag. Judge Ronald
                J. Hedges  ) (nm) [Entry date 05/17/00]

5/9/00    8     ORDER as to CHRIS GRECO re:  travel restrictions filed
                (Hedges) (nm) [Entry date 05/17/00]

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA          :      MAGISTRATE'S COURTROOM MINUTES

v.                                :      Mag. No. 00-6053-01,02,03

Marco Minuto - 01                 :      Date 5/3/00
Joseph Minuto - 02
Chris Greco - 03                  :      Date of Arrest 5/3/00

PROCEEDINGS: IA/Rule 40

( ) COMPLAINT FILED                      ( ) ORDER OF RELEASE
(X) ADVISED OF RIGHTS                    ( ) TEMPORARY COMMITMENT
( ) WAIVER OF COUNSEL                    ( ) SENTENCED
( ) FPD APPOINTED ( ) CJA                ( ) BOND REVIEW
( ) PRELIM/REMOVAL HRG. WAIVED    FILED  ( ) ARREST WARRANT TO ISSUE
( ) GUILTY PLEA  ( ) NOT GUILTY          ( ) BAIL SET
( ) CONSENT TO MAGIS. JURIS.   MAY 0 2000 TRAVEL RESTRICT. _____
( ) OTHER _____

_____

DATE SET FOR:

( ) PRELIM/REMOVAL HEARING
( ) TRIAL ( ) COURT  ( ) JURY            DATE _____ _____
( ) SENTENCING
( ) OTHER: _____

Marco Minuto - 01
Brian Neary - Esq.
Waived Rule 40 Hrg

Ext Hrg - Fri - 8:30

APPEARANCES:                      Joseph Minuto - 02  Bond
                                  William Hunt - Esq.   Signed
AUSA Leslie Schwartz              Waived Rule 40 Hrg     5/4

DEFENSE COUNSEL retained          100,000 - property in Rivervale
                                  local rule waived
PROBATION _____              NJ & S borce of NY
                                  PTS
INTERPRETER _____            Chris Greco - 03    Bond
                                  John Fahey - Esq.    Signed
                                  Waived Rule 40 Hrg.   5/4

Time Commenced: 3:00              $100,000 - property in Montual
                                  to be posted.
Time Terminated: _____       Local rule - waived
                                  NJ & Rockland Cty & Manhattan
Adjourned to: _____          PTS _____
                                  Ronald J. Hedges
TAPE NO: _____      COURT REPORTER:   UNITED STATES MAGISTRATE JUDGE
                                  Passport & wife's passport
00-01

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,                    :              No. OO-6053-O2

              v.                       FILED        :

_Joseph Minuto_              MAY 0 3 2000              ORDER OF RELEASE
                                                    :

IT is on this 3rd day of May , 19 2000 ORDERED that:

Bail be fixed at $ 100,000 and the defendant be released upon:

    a. Executing an unsecured appearance bond
    b. Executing an appearance bond and depositing in cash in the registry of
       the Court _____% of the bail fixed.
    c. Executing an appearance bond with approved sureties, or the deposit of
       cash in the full amount of the bail in lieu thereof.
    (d.) Execute an agreement to post designated property. Local rule re: value of
       property (waived)/not waived by the Court.

It is further ORDERED that, in addition to the above, the following conditions are
imposed.

    1. That the defendant not attempt to influence, intimidate, or injure any juror
       or judicial officer; not tamper with any witness, victim, or informant; not
       retaliate against any witness, victim or informant in this case.

    2. That the defendant be released in the custody of _____
       for supervision during the period of release.

    (3.) That the defendant be restricted in travel to (X) New Jersey, ( ) New York,
       ( ) Pennsylvania, (X) Other 5 boroughs of New York.

    4. Surrender passport and/or other travel documents to pre-trial services.

    5. That the defendant is not to violate any local, state or federal laws while
       on bail status.

    (6.) Additional Conditions: (a.) reporting to pre-trial services as directed.
                      b. electronic monitoring by pre-trial services.
                      c. drug monitoring/testing by pre-trial services
                      d. alcohol monitoring/testing by pre-trial services.
                      e. surrender of any firearms or other dangerous weapons

IT is further ORDERED that the defendant be furnished with a copy of this order.

_Ronald J. Hedges_
UNITED STATES MAGISTRATE JUDGE

I hereby certify that the defendant was furnished (personally) a copy of this order.

_Nadine Maceiro_
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA        :        No. CO-6053-03

FILED

v.                    MAY 2000

Chris Greco                    :        ORDER OF RELEASE

                              :

IT is on this 3rd day of May , 2000 ORDERED that:

Bail be fixed at $ 100,000 and the defendant be released upon:

   a.  Executing an unsecured appearance bond
   b.  Executing an appearance bond and depositing in cash in the registry of
       the Court _____ % of the bail fixed.
   c.  Executing an appearance bond with approved sureties, or the deposit of
       cash in the full amount of the bail in lieu thereof.
   d.  Execute an agreement to post designated property.  Local rule re:  value of
       property (waived)/not waived by the Court.

It is further ORDERED that, in addition to the above, the following conditions are
imposed.

   1.  That the defendant not attempt to influence, intimidate, or injure any juror
       or judicial officer; not tamper with any witness, victim, or informant; not
       retaliate against any witness, victim or informant in this case.

   2.  That the defendant be released in the custody of _____
       for supervision during the period of release.

   3.  That the defendant be restricted in travel to NJ New Jersey, ( ) New York,
       ( ) Pennsylvania, X Other  Rockland County, NY
       Manhattan, NY

   4.  Surrender passport and/or other travel documents to pre-trial services.
       — wife's passport also —

   5.  That the defendant is not to violate any local, state or federal laws while
       on bail status.

   6.  Additional Conditions:  a.  reporting to pre-trial services as directed.
                              b.  electronic monitoring by pre-trial services.
                              c.  drug monitoring/testing by pre-trial services
                              d.  alcohol monitoring/testing by pre-trial services.
                              e.  surrender of any firearms or other dangerous weapons

IT is further ORDERED that the defendant be furnished with a copy of this order.

_____
UNITED STATES MAGISTRATE JUDGE

I hereby certify that the defendant was furnished (personally) a copy of this order.

_____
Deputy Clerk

4

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA     :    MAGISTRATE'S COURTROOM MINUTES

v.     :

Marco Minuto     :   Mag. No. _CO-6083-01_

    :   Date _5/4/00_

    :   Date of Arrest _____

PROCEEDINGS: Bail Hrg -

FILED

   0 1 2000

( ) COMPLAINT FILED
( ) ADVISED OF RIGHTS
( ) WAIVER OF COUNSEL
( ) FPD APPOINTED ( ) CJA
( ) PRELIM/REMOVAL HRG. WAIVED
( ) GUILTY PLEA  ( ) NOT GUILTY
( ) CONSENT TO MAGIS. JURIS.
( ) OTHER _____
_____

( ) ORDER OF RELEASE
( ) TEMPORARY COMMITMENT
( ) SENTENCED
( ) BOND REVIEW
( ) ARREST WARRANT TO ISSUE
(X) BAIL SET _750,000_
( ) TRAVEL RESTRICT _____

DATE SET FOR:

( ) PRELIM/REMOVAL HEARING
( ) TRIAL ( ) COURT  ( ) JURY
( ) SENTENCING
( ) OTHER _____

DATE _____

Bail - passports
& wife's surrendered

property in Upper
Saddle River
posted

House arrest w/
elect monitoring

APPEARANCES:

AUSA _Leslie Schwartz_

DEFENSE COUNSEL _Brian McCarry_

PROBATION _____

INTERPRETER _____

Time Commenced: 3:00

Time Terminated:

Adjourned to:

_Ronald J. Hedges_
**UNITED STATES MAGISTRATE JUDGE**

TAPE NO: _00-22_     COURT REPORTER: _____

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA        :        No. 00-6053-01

        v.

_Marco Minuto_                           ORDER OF RELEASE

IT is on this 4th day of May , 2000 ORDERED that:

Bail be fixed at $ 750,000 and the defendant be released upon:

    a.  Executing an unsecured appearance bond
    b.  Executing an appearance bond and depositing in cash in the registry of
       the Court _____% of the bail fixed.
    c.  Executing an appearance bond with approved sureties, or the deposit of
       cash in the full amount of the bail in lieu thereof.
    d.  Execute an agreement to post designated property.  Local rule re:  value of
       property (waived)/not waived by the Court.

It is further ORDERED that, in addition to the above, the following conditions are
imposed.

    1.  That the defendant not attempt to influence, intimidate, or injure any juror
       or judicial officer; not tamper with any witness, victim, or informant; not
       retaliate against any witness, victim or informant in this case.

    2.  That the defendant be released in the custody of _____
       for supervision during the period of release.

    3.  That the defendant be restricted in travel to ( ) New Jersey, ( ) New York,
       ( ) Pennsylvania, ( ) Other _house arrest except to see attorney,_
       _Dr. Appts, and for court._
    4.  Surrender passport and/or other travel documents to pre-trial services.
       _Wife's passport also_
    5.  That the defendant is not to violate any local, state or federal laws while
       on bail status.

    6.  Additional Conditions:  (a.) reporting to pre-trial services as directed.
                      (b.) electronic monitoring by pre-trial services.
                      c.  drug monitoring/testing by pre-trial services
                      d.  alcohol monitoring/testing by pre-trial services.
                      e.  surrender of any firearms or other dangerous weapons

IT is further ORDERED that the defendant be furnished with a copy of this order.

_____
UNITED STATES MAGISTRATE JUDGE

I hereby certify that the defendant was furnished (personally) a copy of this order.

_____
Deputy Clerk



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. **00-6088**

18 U.S.C. 1962
18 U.S.C. 1963
18 U.S.C. 1955
18 U.S.C. 1956    CR-UNGARO-BENAGES
18 U.S.C. 1951
18 U.S.C. 894
18 U.S.C. 659            MAGISTRATE JUDGE
18 U.S.C. 371                 BROWN
18 U.S.C. 2

UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )
                                 )
v.                               )
                                 )
MARCO MINUTO,     → NEARY        )
    a/k/a "The Big Guy"          )
NICOLO MARIANI,                  )
JOSEPH MINUTO,    → HUNT         )
MARCELLO GRASSO,                 )
    a/k/a "J.J."                 )
ALEX TORRENTE,                   )
    a/k/a "Porky"                )
    a/k/a "Neck"   FAHY → $65n Bond )
CHRIS GRECO,                     )
JULIO PEREZ,                     )
ANGEL HERNANDEZ, and             )
    a/k/a "Junior"               )
JORGE RAVELO                     )
                                 )
            Defendants.          )
_____)

The Grand Jury charges that:

<u>COUNT 1</u>

<u>THE ENTERPRISE</u>

1.    From in or about 1992, to the date of the return of

this indictment, in the Southern District of Florida, Broward

County, and elsewhere, defendants, MARCO MINUTO, MARCELLO GRASSO,

NICOLO MARIANI, JOSEPH MINUTO, ALEX TORRENTE, CHRIS GRECO, JULIO
PEREZ, ANGEL HERNANDEZ, JORGE RAVELO, and other persons known and
unknown to the Grand Jury, constituted an enterprise within the
meaning of Title 18, United States Code, Section 1961(4), that
is, a group of individuals associated in fact who engaged in the
various criminal activities set forth below.

### THE CONSPIRACY

2.    From in or about 1992, the exact date being unknown to
the Grand Jury, and continuing thereafter up to and including the
date of the return of the indictment, in the Southern District of
Florida, Broward County, and elsewhere, the defendants,

> MARCO MINUTO,
> NICOLO MARIANI,
> JOSEPH MINUTO,
> MARCELLO GRASSO
> ALEX TORRENTE,
> CHRIS GRECO,
> JULIO PEREZ,
> ANGEL HERNANDEZ, and
> JORGE RAVELO,

together with others being employed by and associated with the
Enterprise, which enterprise engaged in, and the activities of
which affected interstate and foreign commerce, did knowingly and
unlawfully combine, conspire, confederate, and agree together,
and with each other, and with persons known and unknown to the
Grand Jury, to violate Title 18, United States Code, Section
1962(c), that is, to conduct and participate, directly and
indirectly, in the conduct of the affairs of such enterprise

2

through a pattern of racketeering activity as defined by Title 18, United States Code, Sections 1961(1) and (5) and through the collection of unlawful debt as defined by Title 18, United States Code, Section 1961(6).

PATTERN OF RACKETEERING ACTIVITY

3.    The racketeering activity that the defendants agreed would be committed in the conduct of the affairs of the enterprise consisted of multiple acts involving violations of the following laws:

A.    Conducting, financing, managing, supervising and directing illegal gambling businesses, in violation of and indictable under, Title 18, United States Code, Section 1955;

B.    Money Laundering and conspiracy to do so in violation of and indictable under Title 18, United States Code, Section 1956;

C.    Collection of extensions of credit by extortionate means and conspiracy to do so in violation of and indictable under Title 18, United States Code, Section 894;

D.    Sale and receipt of stolen goods in violation of and indictable under Title 18, United States Code, Section 659;

E.    Bank Fraud in violation of and indictable under Title 18 United States Code, Section 1344.

F.    Fraud in connection with identification documents in violation of and indictable under Title 18, United States Code,

3

Section 1028;

G.    Mail Fraud in violation of and indictable under Title 18, United States Code, Section 1341.

H.    Transmission of wagering information in violation of and indictable under Title 18, United States Code, Section 1084.

I.    Obstruction of Justice in violation of and indictable under Title 18, United States Code, Section 1503.

J.    Interference with Commerce by extortion and conspiracy to do so in violation of and indictable under Title 18, United States Code, Section 1951.

## COLLECTION OF UNLAWFUL DEBT

4.    The collection of unlawful debts through which the defendants and their coconspirators agreed to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise consisted of the collection from various individuals of unlawful gambling debts that were incurred or contracted in gambling activity which were incurred in connection with the business of gambling, all in violation of the laws of the United States and the State of Florida.

## MANNER AND MEANS OF THE CONSPIRACY

5.    It was part of the conspiracy that defendant MARCO MINUTO would organize a criminal enterprise that would operate in South Florida, New York, and elsewhere, which enterprise would engage in various criminal activities, including extortion,

4

illegal gambling, the theft of goods, money laundering, fraud, counterfeiting, and obstruction of justice, among other crimes.

6.    It was further a part of the conspiracy that each defendant agreed that a conspirator would commit at least two racketeering acts in conducting the affairs of the enterprise or participate in the collection of at least one unlawful debt.

7.    It was further a part of the conspiracy that defendant MARCO MINUTO would use his criminal association and reputation with the Luchese Organized Crime Family as a "soldier" to generate illegal income for members of the enterprise through the use of force, violence and threats.

8.    It was further part of the conspiracy that defendant MARCO MINUTO would direct defendant NICOLO MARIANI and others to collect gambling debts by threatening debtors with acts of violence or by physically harming them in order to collect the debts.

9.    It was further part of the conspiracy that MARCO MINUTO and other conspirators would seek to launder funds generated from the illegal activities of the enterprise through various legitimate business in South Florida and elsewhere.

10.    It was further part of the conspiracy that defendants JOSEPH MINUTO, CHRIS GRECO, and other conspirators would assist in the operation of a New York bookmaking office that was part of the enterprise.

5

11.  It was further part of the conspiracy that the New York bookmaking office would engage in bookmaking activities with bettors located throughout the United States for the benefit of the enterprise.

12.  It was further a part of the conspiracy that defendant MARCELLO GRASSO would, among other things, manage bookmakers located in South Florida and recruit bettors on behalf of the enterprise as directed by MARCO MINUTO and others.

13.  It was further part of the conspiracy that defendant ALEX TORRENTE would operate a substantial bookmaking operation in South Florida that supported the New York bookmaking operation for the benefit of the enterprise.

14.  It was further part of the conspiracy that defendants MARCELLO GRASSO, ALEX TORRENTE and other co-conspirators would use code names in telephone conversations in order to avoid detection of their criminal activity by law enforcement.

15.  It was further part of the conspiracy that defendant ALEX TORRENTE and other coconspirators would convince losing bettors to steal property in order to satisfy gambling debts incurred with the enterprise.

16.  It was further part of the conspiracy that defendant JULIO PEREZ, who was an employee of Federal Express Corporation and a heavy bettor, would steal shipments from Federal Express Corporation in order to satisfy his illegal gambling debts and

6

benefit the enterprise.

17. It was further part of the conspiracy that defendants ANGEL HERNANDEZ, JORGE RAVELO and other coconspirators would assist defendant JULIO PEREZ in stealing merchandise from Federal Express Corporation for their own gain and the benefit of the enterprise.

18. It was further part of the conspiracy that defendants ALEX TORRENTE, JULIO PEREZ, ANGEL HERNANDEZ, JORGE RAVELO and other coconspirators would participate in stealing from Federal Express Corporation approximately $1,000,000 in goods and merchandise that were shipped in interstate commerce for the benefit of the enterprise.

19. It was further part of the conspiracy that defendant NICOLO MARIANI and other co-conspirators would participate in selling property stolen from other interstate shipments for the benefit of the enterprise.

20. It was further part of the conspiracy that defendants MARCO MINUTO, NICOLO MARIANI and other coconspirators would use counterfeit checks in order to obtain money and property from various victims for the benefit of the enterprise.

21. It was further part of the conspiracy that defendant NICOLO MARIANI and other conspirators would use fraudulent identification documents as a means to obtain money and property from various victims for the benefit of the enterprise.

7

22.  It was further part of the conspiracy that the conspirators would explore the possibility of forming strategic alliances with members and associates of other La Cosa Nostra families for their mutual and illegal benefit and profit.

23.  It was further part of the conspiracy that defendant NICOLO MARIANI and other conspirators would endeavor to obstruct justice by directing witnesses to testify falsely before a federal grand jury that was investigating the criminal activities of the enterprise.

24.  It was further part of the conspiracy that members of the enterprise would undertake all necessary means to prevent the detection by law enforcement officials of their criminal activities, including but not limited to making false statements to law enforcement officials and concealing assets owned by members of the enterprise.

All in violation of Title 18, United States Code, Section 1962(d).

### COUNT 2

1.  From in or about 1992, up to and including the date of the return of this indictment, in the Southern District of Florida and elsewhere, the defendants,

MARCO MINUTO
JOSEPH MINUTO,
MARCELLO GRASSO and
CHRIS GRECO,

8

did knowingly conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury to commit an offense against the United States, that is, to violate Title 18, United States Code, Section 1956(a)(1)(A)(i) and(B)(i).

<u>THE PURPOSE AND OBJECT OF THE CONSPIRACY</u>

2.     It was the purpose and object of the conspiracy to knowingly and willfully conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, knowing that the property involved represented some form of unlawful activity, that is the cashing of checks which involved the proceeds of specified unlawful activity, that is: an illegal gambling business in violation of Title 18, United States Code, Section 1955; and extortionate credit transactions in violation of Title 18, United States Code, Section 894; with the intent to promote the carrying on of said specified unlawful activities and knowing the transaction was designed, in whole and in part, and to conceal and disguise the nature, the source, the ownership and the control of the proceeds of the specified unlawful activities.

All in violation of Title 18, United States Code, Section 1956(h).

<u>COUNT 3</u>

1.     Beginning sometime in or about 1995, the exact date being unknown, and continuing to in or about 1996, in Dade County in the Southern District of Florida and elsewhere, the

defendants,

MARCO MINUTO
NICOLO MARIANI, and
MARCELLO GRASSO,

did knowingly and intentionally combine, conspire, confederate

and agree with each other and with other persons known and

unknown to the Grand jury to obstruct, delay, and affect

interstate and foreign commerce by extortion, that is, to obtain

property from the owner of Preferred Travel and Tickets, Inc.

induced by the wrongful use of actual and threatened force,

violence, and fear, in violation of Title 18, United States Code,

Section 1951.

## COUNT 4

1.    In or about 1996, in Dade County in the Southern

District of Florida and elsewhere, the defendants,

MARCO MINUTO
NICOLO MARIANI, and
MARCELLO GRASSO,

did knowingly and unlawfully obstruct, delay, and affect

interstate and foreign commerce by extortion, in that, the

defendants obtained the property from the owner of Preferred

Travel and Tickets Inc., induced by the defendants' wrongful use

of actual and threatened force, violence and fear.

All in violation of Title 18, United States Code, Sections

1951 and 2.

## COUNT 5

1.    From in or about 1994, and continuing thereafter up to and including the date of the return of this indictment, in the Southern District of Florida and elsewhere, the defendants,

MARCO MINUTO
NICOLO MARIANI,
JOSEPH MINUTO, and
MARCELLO GRASSO

did knowingly conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury to participate in the use of extortionate means to collect and attempt to collect extensions of credit as defined by Title 18, United States Code, Section 891 from numerous individuals in South Florida.

All in violation of Title 18, United States Code, Section 894.

## COUNT 6

1.    In or about 1996, in Dade County, in the Southern District of Florida, and elsewhere, the defendants,

MARCO MINUTO
NICOLO MARIANI, and
MARCELLO GRASSO,

did knowingly and participate in the use of extortionate means to collect and attempt to collect an extension of credit as defined by Title 18, United States Code, Section 891 from the owner of Preferred Travel and Tickets, Inc.

All in violation of Title 18, United States Code, Sections

11

894 and 2.

## COUNT 7

1.   From in or about 1996, and continuing thereafter up to and including the date of the return of this indictment, in the Southern District of Florida and elsewhere, defendants,

> MARCO MINUTO
> NICOLO MARIANI,
> JOSEPH MINUTO,
> ALEX TORRENTE,
> MARCELLO GRASSO, and
> CHRIS GRECO,

and other persons known and unknown to the Grand Jury, knowingly conducted, financed, managed, supervised, directed, and owned all and part of an illegal gambling business, specifically bookmaking, which involved five or more persons in its operation, financing, management, supervision, direction, and ownership, and had a gross revenue of two thousand dollars ($2,000) or more on one or more single days and was in substantially continuous operation for a period in excess of thirty days, and which bookmaking business operated in violation of Florida Revised Statute Section 849.25

All in violation of Title 18, United States Code, Sections 1955 and 2.

## COUNT 8

1.   On or about October 24, 1997, in Dade County, in the Southern District of Florida, the defendants,

> ALEX TORRENTE,

12

JULIO PEREZ,
ANGEL HERNANDEZ, and
JORGE RAVELO,

did knowingly, willfully, and with intent to convert to their own

use, steal, and unlawfully take, carry away, and conceal, from

Federal Express Corporation, goods and chattels of a value in

excess of one thousand dollars ($1,000), that is, cellular

telephones, which were a part of and constituted an interstate

shipment of property from Glendale, California to Miami, Florida;

in violation of Title 18, United States Code, Sections 659 and 2.

### COUNT 9

1.    On or about September 9, 1998,  in Dade County, in the

Southern District of Florida, the defendants,

ALEX TORRENTE,
JULIO PEREZ, and
MARCELLO GRASSO

did knowingly, willfully, and with intent to convert to their own

use, steal, and unlawfully take, carry away from Federal Express

Corporation, goods and chattels of a value in excess of one

thousand dollars ($1,000), that is, Wittnauer watches, which were

a part of and constituted an interstate shipment of property from

Miami, Florida to Cayey, Puerto Rico; in violation of Title 18,

United States Code, Sections 659 and 2.

### FORFEITURE SECTION

1) Count 1 of this indictment, as set forth above, is

realleged and expressly incorporated by reference herein for the

13

purpose of alleging forfeiture pursuant to Title 18, United

States Code, Section 1963.

Defendant MARCO MINUTO: 1) has acquired and maintained

interests in violation of Title 18, United States Code, Section

1962; 2) has an interest in, security of, claim against, and

property and contractual rights affording the defendant a source

of influence over, the enterprise, which the defendant

established, operated, controlled, conducted and participated in

the conduct of, in violation of Title 18, United States Code,

Section 1962; 3) has property constituting, or derived from,

proceeds which MARCO MINUTO obtained directly and indirectly from

racketeering activity and the collection of unlawful debt in

violation of Title 18, United States Code, Section 1962, making

all such aforementioned interests and title and ownership subject

to forfeiture to the United States of America pursuant to Title

18, United States Code, Section 1963(a)(1-3).

Such forfeiture shall include all property, real and

personal, tangible and intangible, including but not limited to

all interest in the following:

A.   A condominium Unit located at 500 S. Ocean Blvd., Number

1608, Boca Raton, Florida, Platbook 2375, Platpage 1257 with a

recorded owner of Nyline A. Greco; and,

B. Approximately $1,000,000 in illegal revenue generated

form the criminal operations of the enterprise as set forth

14

above.

2) If any of the above described forfeitable property, as a result of any act and omission of a defendant and/or the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred to, sold to, or deposited with a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value;

(f) has been commingled with other property which cannot be subdivided;

It is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m) to seek forfeiture of any other property of the defendant up to the value of the above described property.

A TRUE BILL

_____

FOREPERSON

_____
THOMAS E. SCOTT
UNITED STATES ATTORNEY

_____
MICHAEL J. DITTOE
ASSISTANT UNITED STATES ATTORNEY

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00 - 6088 — *C R – Ungaro Benages*

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARCO MINUTO
        a/k/a "The Big Guy",
NICOLO MARIANI,
JOSEPH MINUTO,
MARCELLO GRASSO
        a/k/a "J.J."
ALEX TORRENTE,
        a/k/a "Porky"
        a/k/a "Neck"
CHRIS GRECO
JULIO PEREZ,
ANGEL HERNANDEZ, and
        a/k/a "Junior"
JORGE RAVELO
        Defendants.

FILED

MAY 0  2000

CE

CONSENT ORDER EXPANDING TRAVEL RESTRICTIONS OF JOSEPH MINUTO, TO INCLUDE NEW CITY, ROCKLAND COUNTY,,NEW YORK.

*(c. Joseph Minuto)*

    **IT APPEARING** that on May 3, 2000, the Defendant Joseph Minuto appeared herein before the Honorable Ronald Hedges, United States Magistrate Judge, for the District of New Jersey, at Newark, New Jersey pursuant to the provisions of Rule 40, Fed. R. Crim. P. and was conditionally released on bail to appear before the United States District Court for the District of Florida, Fort Lauderdale Division, at a date to be fixed; and it

    **FURTHER APPEARING** that one of the conditions of the release of Joseph Minuto on bail is a restriction of his travel to include only the District of New Jersey the Southern District of Florida and the 5 Boroughs of the City of New York; and it

**FURTHER APPEARING** that by consent Order, dated May 5, 2000, Defendant Joseph Minuto's, travel restrictions were expanded so that he be permitted to travel to Tarrytown, New York to visit, Angela Minuto, a hospitalized family member; and it

**FURTHER APPEARING** that the Defendant Joseph Minuto, through counsel has requested that he be permitted to travel to New City, New York for the purpose of attending the wake of his grandmother, Angela Minuto; as well as Tarrytown, New York for the purpose of attending the funeral mass and Bronx, New York for the interment; and it

**FURTHER APPEARING** that counsel has conferred with Leslie Schwartz, Assistant United States Attorney, and with Roberto Cordiero, Pretrial Services Officer, with respect to granting leave to Defendant Joseph Minuto, to travel to New City, New York for the purpose of attending the wake of his grandmother, Angela Minuto; as well as Tarrytown, New York for the purpose of attending the funeral mass and Bronx, New York for the interment; and good cause appearing therefore, it is

**ON THIS** _____ **DAY OF MAY, 2000**

**ORDERED** that Defendant Joseph Minuto, be and he is herewith granted leave to travel from New Jersey to New City, New York, to arrange and attend the wake of his grandmother, Angela Minuto; as well as Tarrytown, New York to attend the funeral mass and Bronx, New York for the interment.

**Honorable Ronald J. Hedges**
**United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

### CASE NO. 00 - 6088

FILED

MAY 0 5 2000

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>v.<br><br>MARCO MINUTO<br>          a/k/a "The Big Guy",<br>NICOLO MARIANI,<br>JOSEPH MINUTO,<br>MARCELLO GRASSO<br>          a/k/a "J.J."<br>ALEX TORRENTE,<br>          a/k/a "Porky"<br>          a/k/a "Neck"<br>CHRIS GRECO<br>JULIO PEREZ,<br>ANGEL HERNANDEZ, and<br>          a/k/a "Junior"<br>JORGE RAVELO<br><br>              Defendants. | CONSENT ORDER EXPANDING TRAVEL RESTRICTIONS OF JOSEPH MINUTO, TO INCLUDE TARRYTOWN, WESTCHESTER COUNTY, NEW YORK.<br><br>re: Joseph Minuto |

**IT APPEARING** that on May 3, 2000, the Defendant Joseph Minuto appeared herein before the Honorable Ronald Hedges, United States Magistrate Judge, for the District of New Jersey, at Newark, New Jersey pursuant to the provisions of Rule 40, Fed. R. Crim. P. and was conditionally released on bail to appear before the United States District Court for the District of Florida, Fort Lauderdale Division, at a date to be fixed; and it

**FURTHER APPEARING** that one of the conditions of the release of Joseph Minuto on bail is a restriction of his travel to include only the District of New Jersey the Southern District of Florida and the 5 Boroughs of the City of New York; and it

**FURTHER APPEARING** that the Defendant Joseph Minuto, through counsel, has requested that he be permitted to travel to Tarrytown, New York to visit, Angela Minuto, a hospitalized family member; and it

**FURTHER APPEARING** that counsel has conferred with Leslie Schwartz, Assistant United States Attorney, and with Roberto Cordiero, Pretrail Services Officer, with respect to granting leave to Defendant Joseph Minuto, to travel to Tarrytown, New York to visit Angela Minuto during the period of her illness and convalescence; and good cause appearing therefore, it is

**ON THIS** _____ **DAY OF MAY, 2000**

**ORDERED** that Defendant Joseph Minuto, be and he is herewith granted leave to travel from New Jersey to Tarrytown, New York, to visit Angela Minuto during the period of her illness and convalescence.

**Honorable  Ronald J. Hedges**
**United States Magistrate Judge**

REED SMITH SHAW & McCLAY LLP
One Riverfront Plaza
Newark, New Jersey 07102-5400
(973) 621-3200
Attorneys for Defendant



FILED

MAY 0 2000

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | Criminal Action No. 00-6088 |
| vs. | : | |
| MARCO MINUTO<br>a/k/a "The Big Guy",<br>NICOLO MARIANI,<br>JOSEPH MINUTO,<br>MARCELLO GRASSO<br>a/k/a "J.J.",<br>ALEX TORRENTE<br>a/k/a "Porky",<br>a/k/a "Neck",<br>CHRIS GRECO,<br>JULIO PEREZ,<br>ANGEL HERNANDEZ<br>a/k/a "Junior",<br>JORGE RAVELO, | : | CONSENT ORDER EXPANDING<br>TRAVEL RESTRICTIONS OF CHRIS<br>GRECO TO INCLUDE TARRYTOWN,<br>NEW YORK; NEW CITY, NEW YORK;<br>THE BOROUGH OF BRONX, NEW<br>YORK; and EAST MEADOW, NEW<br>YORK<br>Re Chris Greco |
| Defendants. | : | |

IT APPEARING that on May 3, 2000, the Defendant Chris Greco appeared herein

before the Honorable Ronald Hedges, United States Magistrate Judge for the District of New

Jersey, at Newark, New Jersey pursuant to the provisions of Rule 40, Fed. R. Crim. P. and was

conditionally released on bail to appear before the United States District Court for the Southern

District of Florida, Fort Lauderdale Division, at a date to be fixed; and it

**FURTHER APPEARING** that one of the conditions of the release of Chris Greco on bail is a restriction of his travel to include only the District of New Jersey, the Southern District of Florida, Rockland County, New York and the Borough of Manhattan, New York; and it

**FURTHER APPEARING** that the Defendant Chris Greco, through counsel, has requested that he be permitted to travel to New City, New York; Tarrytown, New York; and the Borough of Bronx, New York to attend the wake, funeral and burial of Angela Minuto, a recently deceased family member; and it

**FURTHER APPEARING** that the Defendant Chris Greco, through counsel, has requested that he be permitted to travel to East Meadow, New York for business purposes during normal business hours; and it

**FURTHER APPEARING** that counsel has conferred with Assistant United States Attorney Leslie Schwartz and with Pretrial Services Officer Frank D'Amico with respect to granting leave to Defendant Chris Greco, to travel to New City, New York; Tarrytown, New York; the Borough of Bronx, New York and East Meadow, New York for the purposes specified above and good cause appearing thereto, it is

**ON THIS _____ DAY OF MAY, 2000**

**ORDERED** that Defendant Chris Greco is hereby granted leave to travel from New Jersey to New City, New York; Tarrytown, New York; and the Borough of Bronx, New York, for purposes of attending the wake, the funeral and the burial of Angela Minuto during the week of May 8, 2000; and it is further

**ORDERED**  that Defendant Chris Greco is hereby granted leave to travel from New Jersey to East Meadow, New York for business purposes during normal business hours; and it is further

**ORDERED** that in the event that Defendant Chris Greco chooses to travel to East Meadow, New York he shall first notify Pretrial Services of his intent to do so. In addition, such travel shall be for business purposes only and shall occur during normal business hours.

**Honorable Ronald J. Hedges**
**United States Magistrate Judge**

- 3